Coudy Bros. Lumber Company, Appellant, v. Board of Education et al., Appellees.

Opinion filed September 12, 1931.

M. R. SULLIVAN and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

DENT, DOBYNS & FREEMAN and WHEELER & OEHMKE, for appellees; SIDNEY K. JACKSON, of counsel.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Field Construction Company was awarded a contract for the erection of a school building, the contract

price being $167,489. The contractor was required to furnish a surety bond for one-half of that amount within ten days. At that time the contractor had agreed that if it secured the contract it would purchase mill work and building material from appellant to be used in construction of the building to the amount of about $17,000. Albert H. Veith was the vice president, treasurer and manager of appellant. The contractor applied to the agent of the Hartford Accident and Indemnity Company at St. Louis, Mo., for a bond and was informed that from the showing made, the contractor did not have sufficient assets to justify that company in executing the bond. The agent informed the contractor that the latter should have $20,000 in cash before he could execute a bond. Thereupon the contractor advised Mr. Veith as to the situation. Appellant and the Granite City Supply Corporation then indorsed a note of $20,000 and enabled the contractor to procure a loan for that amount. The contractor then advised the agent of the Hartford Company that it had borrowed $20,000 and the agent declined to execute the bond because the assets of the contractor had not been increased.

Mr. Veith was advised as to the aforesaid facts and he suggested that the contractor should make application to the agent of the Century Indemnity Company for a bond. He and Mr. Field, of the Field Construction Company, called upon the agent who informed them that he would communicate with the Chicago office of the company and would have a man there the next morning. Mr. Field testified that on the following morning he went to appellant's office and met Mr. Veith; that Veith told him that in making a financial statement to the Century Indemnity Company he should put in $20,000 as cash assets but that he shouldn't mention the $20,000 note upon which it had

been procured. This is denied by Mr. Veith and also by Mr. Coudy who says he overheard the conversation. Mr. Veith admitted that he knew that the contractor would be required to furnish a financial statement before any surety company would execute a bond. He knew the experience that Mr. Field had with the Hartford Company when the agent of that company had been informed that the $20,000 had been borrowed from the bank. The time for furnishing the bond had almost expired at that time. In the state of the proof we would not be warranted in holding that the conversation between Mr. Veith and Mr. Field was not substantially as testified to by Mr. Field.

Mr. Field and Mr. Veith then went to the office of the agent of the Century Indemnity Company and met the man from Chicago who took a blank financial statement and questioned Mr. Field as to the assets and liabilities of the Field Construction Company. While Mr. Veith says that he was not present at the time the financial statement was prepared and signed by Mr. Field, yet the preponderance of the evidence is to the effect that Mr. Veith was present during all of the time while the financial statement was being prepared and signed. The financial statement was to the effect that the contractor had $20,000 in cash on deposit in the bank and that it had no liabilities. It was arranged at that time that checks drawn by the contractor should be countersigned by Mr. Veith before they were paid. The Century Indemnity Company then executed the bond in the sum of $83,744.50.

Thereafter, at the suggestion of Mr. Veith, the contractor drew a check for $10,000 which was countersigned by Mr. Veith, and was used in making payment of that amount upon the $20,000 note held by the bank. The contractor was also indebted to appellant on an old bill which was not contracted with reference to

this school building and at Mr. Veith's suggestion a check for $800 was drawn by the contractor, countersigned by Mr. Veith and made payable to appellant and was applied on that bill.

The contractor became financially involved and it became necessary for the Century Indemnity Company to complete the contract, which it did, and for which that company paid out $7,258.31. The board of education then had in its hands $14,329.95 which was the balance of the contract price then unpaid. Appellant and the Granite City Supply Corporation filed a bill for a mechanic's lien under section 23 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 23, to enforce a lien against that fund, appellant then claiming a balance due of $7,583.84 and the Granite City Supply Company claiming a balance due it of $6,775.83. The court found that the latter company was entitled to a lien for $6,775.83 and as to that matter there is no controversy.

The court found and decreed that appellant aided and assisted the contractor in the perpetration of a fraud upon the Century Indemnity Company and for that reason appellant was not entitled to a lien; that the balance of the fund in the hands of the board of education, in equity and good conscience, should be paid to the Century Indemnity Company. From a careful consideration of the evidence we find no error and the decree is affirmed.

*Affirmed.*